UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED

7006 JUN 22  P 6: 03

CLERK
U.S. DISTRICT COURT

CV 06 3105

| | |
|---|---|
| Michael McNamara, on behalf of itself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) **CLASS ACTION** ) **COMPLAINT** |
| v. | ) ) Civil Action No. |
| BRITISH AIRWAYS PLC and JOHN DOES 1 – 100 | ) ) ) **JURY TRIAL DEMANDED** |
| Defendants. | ) ) **IRIZARRY, J.** ) |

**CLASS ACTION COMPLAINT** MATSUMOTO, M.J.

Plaintiff, Michael McNamara, on behalf of itself and all others similarly situated, complains as follows:

**NATURE OF CLAIM**

1.     This antitrust class action is brought under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to recover treble damages, injunctive relief, and the costs of suit, including reasonable attorneys' and experts' fees, for the injuries to the Plaintiff and members of the proposed class it represents resulting from Defendant British Airways' and JOHN DOES 1 – 100 fixing the price for airline travel between the United States and London's Heathrow Airport in violation of the federal antitrust laws, specifically Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, vis-à-vis . The allegations set forth below are based upon information and belief pursuant to the investigation of counsel.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 15 and 26, and pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1367.   This Court has *in personam* jurisdiction over each of the Defendants because each was engaged in an illegal price-fixing scheme and conspiracy that was directed at and/or caused injury to persons and entities residing in, located in, or doing business in this District and throughout the United States.  Venue is proper in this judicial district pursuant to 15 U.S.C. § 22 and 28 U.S.C. § 1391(b) and (c) because some of the defendants reside, or are licensed to do business or are doing business, or are found or transact business, in this district and/or the claims arose in this district.

## PARTIES

3.     Plaintiff, Michael McNamara, is resident of Oakland County, Michigan.  During the relevant "Class Period," defined herein, Plaintiff purchased an airline ticket from Defendant British Airways for a flight into Heathrow Airport, England, from the United States and has suffered injury as a result of the antitrust allegations alleged herein.

4.     Defendant British Airways, PLC ("BA") is a British corporation with its principal place of business in Harmondsworth, England.  BA services airports throughout the United States, including John F. Kennedy International Airport.

## CO-CONSPIRATORS

5.     Various other individuals, partnerships, firms, corporations, associations and JOHN DOES 1-100 have participated as co-conspirators in the violations alleged herein and have performed acts and made statements in furtherance thereof.  Their identity is not known to Plaintiff at this time.

## CLASS ACTION ALLEGATIONS

6.      Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, on its own behalf and as representative of a class (the "Class") defined as:

> All persons, corporations, and other legal entities in the United States and those
> not residing in the United States (excluding defendants, their subsidiaries, and any
> co-conspirators), that purchased an airline ticket from Defendant BA, JOHN
> DOES 1 – 100, or one of Defendant BA's affiliates for travel between London's
> Heathrow Airport and the United States between January 1, 2000 and June 23,
> 2006.1

7.      The members of the class are so numerous that joinder of all class members of the

Class would be impracticable.  Due to the nature of the claims asserted here, Plaintiff believes

that members of the Class are located throughout the world, including the United States.  The

exact number of Class members is unknown by Plaintiff at this time, but Plaintiff believes that

the Class is in the thousands and their identities can only be discovered through inspection of

Defendant BA's records.

8.      Plaintiff's claims are typical of the other class members because Plaintiff and all

class members were damaged by the same wrongful conduct of Defendant BA alleged herein.

Plaintiff and all the members of the Class purchased airline tickets from Defendant BA at

artificial and non-competitive prices as a result of the wrongful conduct alleged herein.

9.      Plaintiff will fairly and adequately protect the interests of the Class.  The interests

of Plaintiff are coincident with, and not antagonistic to, those of the Class.  In addition, Plaintiff

is represented by counsel who is experienced and competent in the prosecution of complex class

action antitrust litigation.

10.     Questions of law and fact common to the members of the class predominate over

---

1       Plaintiff reserves the right to amend or change this Class definition in the class motion papers.

questions which may affect only individual members, if any, in that defendants have acted on grounds generally applicable to the entire class. Among the questions of law and fact common to the Class are:

a.      Whether Defendant BA engaged in a contract, combination or conspiracy to fix the prices of airfares with JOHN DOES 1 – 100 during the Class Period;

b.      Whether Defendant BA and JOHN DOES 1 - 100 violated Section 1 of the Sherman Act;

c.      The existence, duration, and illegality of the contract, combination or conspiracy alleged herein;

d.      Whether Defendant BA was a participant in the contract, combination or conspiracy alleged herein;

e.      The effect upon and the extent of injuries sustained by Plaintiff and members of the Class and the appropriate type and/or measure of damages;

f.      Whether Defendant BA took affirmative steps to conceal the contract, combination or conspiracy alleged herein; and

g.      Whether Plaintiff and the members of the Class are entitled to declaratory and/or injunctive relief.

11.      Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication

of relatively small claims by certain class members, who could not afford to individually litigate an antitrust claim against large corporate defendants.

12.     Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## INTERSTATE TRADE AND COMMERCE

13.     Defendant BA is one of the leading airlines in England and one of the leading foreign-based airlines doing business in the United States.

14.     During the period of time covered by this Complaint, Class members throughout the United States could purchase tickets from Defendant BA's website for travel from the United States to London's Heathrow Airport.

15.     The restraints hereinafter alleged have directly and substantially affected interstate commerce in that Defendant BA and JOHN DOES 1 – 100 have deprived Plaintiff and the Class of the benefits of free and open competition with respect to airfares for travel between London's Heathrow Airport and the United States.

## VIOLATIONS ALLEGED

16.     Beginning at least as early as January 1, 2000, the exact date being unknown to Plaintiff, and continuing thereafter to present day, Defendant BA and JOHN DOES 1 – 100 engaged in a continuing contract, combination or conspiracy in unreasonable restraint of the interstate trade and commerce described above in violation of Section 1 of 15 U.S.C. § 1, commonly known as the Sherman Act.

17.     The aforesaid contract, combination or conspiracy consisted of a continuing combination, agreement, understanding and concert of action among Defendant BA and the

unnamed co-conspirators, the substantial terms which were to fix, raise, maintain and stabilize the price of airline airfares that they charge for travel between London's Heathrow Airport and the United States.

18.    Defendants have a collective interest to fix the prices of the airfares they assess their customers for travel between London's Heathrow Airport and the United States in order to maximize their profit by depriving free and open competition.

19.    On or about June 22, 2006, authorities in the United Kingdom's Office of Fair Trading ("OFT") raided Defendant BA as part of a transatlantic investigation into a cartel over airfares.

20.    The raid was part of an investigation being conducted by the OFT and the Department of Justice ("DOJ"). As a result of or in connection with this investigation by the OFT and the DOJ, Defendant BA suspended Commercial Director Martin George and Head of Communications Iain Burns.

## EFFECTS

21.    The aforesaid combination and conspiracy has had the following effects, among others:

a.    price competition in the amount of airfares charged for travel between the United States and London's Heathrow Airport has been thwarted;

b.    the price of airfares for travel between the United States and London's Heathrow Airport have been raised, fixed, maintained and stabilized at artificial and non-competitive levels; and

c.    customers of Defendant BA and JOHN DOES 1 – 100 were deprived of free and

open competition with regard to airfares for travel between the United States and London's Heathrow Airport.

## INJURY TO PLAINTIFF AND MEMBERS OF THE CLASS

22.     During the period covered, Plaintiff and the other members of the Class purchased tickets from Defendant BA for travel between the United States and London's Heathrow Airport. By reason of the alleged violations of the antitrust laws, Plaintiff and the other members of the Class paid a higher price for their airline tickets than they would have paid in the absence of the illegal contract, combination or conspiracy, and, as a result, have been injured in their business and have suffered damages in an amount presently undetermined.

23.     The specific amounts of damages have not yet been determined because such determination will require discovery. When these amounts have been determined, Plaintiff will seek leave of Court to amend this Complaint to include such amounts.

## FRAUDULENT CONCEALMENT

24.     The running of any statute of limitations has been suspended with respect to any claims which the Plaintiff and the other members of the Class have sustained as a result of the unlawful combination and conspiracy alleged herein and with respect to their rights to injunctive relief by virtue of the federal doctrine of fraudulent concealment. Defendant BA and JOHN DOES 1 – 100, through various devices and techniques of secrecy, affirmatively and fraudulently concealed the existence of the unlawful combination and conspiracy alleged herein.

## COUNT I

## <u>VIOLATION OF SECTION 1 OF THE SHERMAN ANTITRUST ACT AND SECTION 4 OF THE CLAYTON ACT</u>

25.     Plaintiff incorporates by reference the allegations above.

26.     Defendant BA and the un-named conspirators entered into and engaged in a contract, combination, or conspiracy in an unreasonable restraint of trade in violation of the Section 1 of the Sherman Act and Section 4 of the Clayton Act.

27.     The contract, combination, or conspiracy alleged herein has resulted in an agreement or concerted action among Defendant BA and their un-named conspirators whereby as a result of these actions airfares for travel between the United States and London's Heathrow Airport were fixed, maintained, and standardized.  The alleged contract, combination, or conspiracy is a *per se* violation of federal antitrust laws and is at a minimum an unreasonable and unlawful restraint of trade.

28.     As a result of Defendant BA's unlawful conduct, Plaintiff has suffered damage by paying a supra-competitive price for his airline tickets.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that:

a.     The Court determines that this action may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and direct that reasonable notice of this action, as provided by Rule 23(c)(2), Federal Rules of Civil Procedure, be given each and every

member of the Class;

b.      The unlawful combination and conspiracy alleged herein be adjudged and decreed

to be in unreasonable restraint of trade or commerce in violation of Section 1 of the Sherman

Act;

c.      The Plaintiff and each and every member of the Class recover damages, as

provided by law, determined to have been sustained by each of them, and that joint and several

judgments in favor of Plaintiff and each and every member of the Class, respectively, be entered

against Defendant BA, in an amount to be trebled in accordance with antitrust laws;

d.      Defendant BA be enjoined from continuing the unlawful contract, combination or

conspiracy alleged herein with JOHN DOES 1 - 100;

e.      The Plaintiff and the other members of the Class recover their costs of this suit,

including reasonable attorneys' fees, expert fees, and accountant's fees, as provided by law; and

f.      The Plaintiff and the other members of the Class be granted such other, further

and different relief as the nature of the case may require or as may seem just and proper to this

Court.

Dated: New York, New York
       June 23, 2006


                                        LOVELL STEWART HALEBIAN LLP

                                        By: _____
                                            Christopher Lovell, Esq. (CL-2595)
                                            Merrick Scott Rayle, Esq.
                                            Craig Essenmacher, Esq.
                                            Ryan E. Long, Esq.
                                        500 Fifth Avenue
                                        New York, New York 10110
                                        Phone / (212) 608-1900
                                        *Counsel for Plaintiff*